UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH V. HARDEN,

                Plaintiff,

v.

JAMES VINZ, LT. JASON RUSSELL, TIMOTHY WILZ, WAUPACA COUNTY, MARLEY BLOHM, and WELLPATH DOCTOR and NURSING STAFF,

                Defendants.

Case No. 24-CV-259-JPS

**ORDER**

      Plaintiff Kenneth V. Harden, an inmate confined at Portage County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On April 25, 2024, the Court screened the complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 8. On May 15, 2024, Plaintiff filed an amended complaint. ECF No. 9. This Order screens Plaintiff's amended complaint.

1.       **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff was a pretrial detainee in the Waupaca County Jail ("WCJ") during the relevant time period. ECF No. 9. On January 12, 2024, during blanket exchange, Defendant Officer James Vinz ("Vinz") deliberately pushed a blanket through the food trap door while Plaintiff was engaged in conversation with him. ECF No. 9 at 2. The blanket hit Plaintiff in the face

and right eye. *Id.* This incident caused redness and blurred vision in Plaintiff's right eye. *Id.*

Plaintiff reported this incident to the officer in the control center via the emergency call button. *Id.* at 2–3. The officer noted that he would let the supervisor know. *Id.* at 3. Plaintiff called his fiancé, Ms. Valerie M. Yetter, to tell her about the incident with Vinz. *Id.* Shortly after, the nurse, Ms. Ellie Van Riper, and Vinz were doing med pass. *Id.* Plaintiff told Vinz that he had hit him in the face and eye with the blanket; Vinz stated that it was unintentional. *Id.* Plaintiff told Vinz that he saw Plaintiff's face and that his face was clearly visible when Vinz pushed the blanket through the food trap. *Id.* Vinz did not ask Plaintiff to move while he pushed the blanket through the trap. *Id.*

Plaintiff explained the situation to the nurse, and she examined him. *Id.* The nurse stated that she did see redness in his eye and that she would contact the jail's provider and write an incident report. *Id.* at 4. Sergeant Stetzheim was present during Vinz's admission that he hit Plaintiff in the eye. *Id.* Plaintiff believes Vinz intentionally assaulted him because of their argument during the blanket exchange and because this was not Plaintiff's first confrontation with Vinz. *Id.*

On January 13, 2024, Plaintiff asked to file charges against Vinz and Officer Christina Schmude gave him a complaint form. *Id.* Plaintiff also filed a complaint through the WCJ grievance system. *Id.* Officer Cousin responded to his grievance that Russell was looking into the matter. *Id.*

On January 18, 2024, Russell wrote a report regarding his investigation. *Id.* Russell stated that he interviewed Defendant Nurse Marley Blohm ("Blohm"), Vinz, and Officer Christina Schmude. *Id.* Blohm and Schmude had nothing to do with the matter and were not even on duty

Page 3 of 7
Case 2:24-cv-00259-JPS   Filed 05/30/24   Page 3 of 7   Document 10

during the incident. *Id.* at 5. Blohm indicated that she looked up the notes and that no redness was noted in his eyes following the incident; this was false and his medical records indicate the contrary. *Id.* Russell never interviewed Plaintiff, Nurse Van Riper, or Sgt. Stetzheim about the incident. *Id.* at 6. Russell's investigation was impartial and conducted with prejudice in order to protect Vinz. *Id.*

**3.    ANALYSIS**

As a pretrial detainee, Plaintiff's rights arise under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must provide evidence that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396–97. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Here, Plaintiff has not meaningful changed the allegations from his original complaint. As such, the Court reiterates it previous analysis that while it certainly does not condone this behavior, it nonetheless finds that the de minimus use of force of pushing a blanket through a trap door fails to state a Fourteenth Amendment claim for excessive force. *See DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (finding the "simple act of shoving" qualified as de minimus use of force that does not constitute cruel and

unusual punishment), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020); *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) (pouring a bucket of water on prisoner and causing the bucket to hit him in the head characterized as de minimis).[1] Although Plaintiff alleges minimal injury from the incident, the Court is unprepared to declare that pushing a blanket through a trap door violates the constitution. As such, the Court finds that Plaintiff fails to state a Fourteenth Amendment claim.

4.  **CONCLUSION**

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and he failed to amend his factual allegations in any meaningful way. The Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action for the failure to state a claim and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

---

[1] The Court recognizes that these are Eighth Amendment cases analyzed under a different standard. However, courts in the past have similarly looked to Eighth Amendment cases for guidance on Fourteenth Amendment excessive force claims. *See Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010) ("We therefore shall borrow Eighth Amendment standards to analyze [Plaintiff's] Fourteenth Amendment section 1983 claim.").

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

> A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.